UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDRICK ALAN BATTLE,

                          Plaintiff,

-against-

WARDEN OF CRAVEN CORRECTIONAL
INSTITUTION,

                          Defendant.

20-CV-3078 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff, currently incarcerated in Craven Correctional Institution, in Vanceboro, North Carolina, brings this *pro se* action alleging that correction officers in his correctional facility are violating his constitutional rights. For the following reasons, this action is transferred to the United States District Court for the Eastern District of North Carolina.

## DISCUSSION

       Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). And an entity that is not a person, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

       Plaintiff brings claims arising out of his confinement in Craven Correctional Institution, in Craven County, North Carolina. Because Plaintiff does not allege that any defendant resides in

this district or that a substantial part of the events or omissions giving rise to his claims arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Craven County, which is in the Eastern District of North Carolina. *See* 28 U.S.C. § 113(a). Accordingly, venue lies in the United States District Court for the Eastern District of New Carolina, § 1391(b)(2), and this action is transferred to that court.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of North Carolina. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 20, 2020
        New York, New York

                                        COLLEEN McMAHON
                                      Chief United States District Judge